UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21180-CIV-KING

EVENTUS MARKETING, INC.,

    Plaintiff,

v.

SWIFT ACCESS MARKETING, INC.,
d/b/a "Cellular Experts" and,
PHILLIP PEREZ MACIAS, individually,
As Guarantor,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT

    **THIS CAUSE** comes before the Court upon Defendants' Motion to Set Aside Default Judgment and Relief from Judgment (D.E. #20), filed June 30, 2010. Plaintiff filed its Response (D.E. #22) on July 19, 2010, and Defendant filed its Reply (D.E. #24) on July 22, 2010.

    The record shows that Plaintiff filed its Complaint (D.E. #1) on April 13, 2010. Defendants' answer was due on May 14, 2010. Defendants first moved for an Extension of Time to answer the Complaint (D.E. #11) on May 20, 2010, which the Court granted, giving Defendants until June 4, 2010 to file their answer. The Defendants failed to answer or otherwise respond to the Complaint within the time required by Order of this Court. On June 8, 2010, the Court directed the Clerk to enter default, and on June 14, 2010, the Court entered Final Judgment (D.E. #19) closing the case.

1

The only basis upon which the Defendants can now attempt to obtain relief from the Final Default Judgment is set forth in Fed. R. Civ. P. Rule 60. In their Motion, Defendants rely on Fed. R. Civ. P. Rule 60(b)(1), specifically excusable neglect, which states "on motion and just terms, the court may relieve a party or its legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect*." Fed. R. Civ. P. 60(b)(1).

After a careful review of the record, the Court finds that Defendants have failed to demonstrate why Final Default Judgment should be void pursuant to Fed. R. Civ. P. Rule 60(b)(1). Defendants argue that their counsel's email was inoperable and that counsel was busy with another trial. However, in applying Rule 60(b) the Eleventh Circuit has held that "attorney negligence or oversight is rarely grounds for relief." *U.S. v. Real Prop. & Residence*, 920 F.2d 788, 792 (11th Cir. 1991). Miscalendaring, experiencing email technical difficulties, or being preoccupied with other litigation does not satisfy "excusable neglect" under Fed. R.Civ.P. Rule 60. Further, these factors do not justify ignoring an Order of the Court.

Defendants also suggest that improper service renders the judgment void pursuant to Fed. R. Civ. P. Rule 60(b)(4). However, precedent shows that this argument has no validity. "Even a finding that the summons served was defective would not necessarily mean that the district court lacked personal jurisdiction or that the default judgment is void. If a summons is in substantial compliance with the Federal Rules and a defendant has not been prejudiced by a defect in the summons, a defendant waives the insufficiency of process defense by not asserting it prior to the entry of default judgment." *Drill South, Inc. v. International Fidelity Ins. Co.*, 234 F.3d 1232, 1238 (11th Cir. 2000). Defendants were not prejudiced by the defect as they were on notice,

2

appeared in court, and filed motions. Accordingly, after careful review of the record it is

**ORDERED, ADJUDGED and DECREED** that Defendants' Motion to Set aside Default Judgment and for Relief from Judgment (DE #20) be, and the same is hereby **DENIED.**

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of July, 2010.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

CC.
**Plaintiff's counsel:**
**Henry Philip Bell**
Henry P Bell PA
6301 Sunset Drive
South Miami, FL 33143

**Defense counsel:**
**Brandy Gonzalez-Abreu**
Brandy Gonzalez-Abreu PA
9830 SW 77th Avenue
Suite 130
Miami, FL 33156